IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-04062-PAB-SBP

LINDA KILKENNY, and
LITA A. MCKAY,

Plaintiff,

v.

AIRBUS AMERICAS, INC.,
AIRBUS S.A.S.,
HONEYWELL INTERNATIONAL, INC.,
HONEYWELL AEROSPACE US LLC, and
FRONTIER AIRLINES, INC.,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendant Frontier Airlines, Inc.'s Motion

to Dismiss [Docket No. 31] and Plaintiffs' Amended Motion to Remand [Docket No. 37].

## I.  BACKGROUND[1]

This case arises out of a "fume event" that occurred on November 9, 2023.

Docket No. 5 at 10, ¶ 61.  A fume event is when air inside the cabin of an aircraft

becomes contaminated with aerosolized or pyrolyzed engine oil, lubricants, deicing or

hydraulic fluid due to a breach in the "bleed air system."  *Id.* at 15, ¶ 94.  The bleed air

system is a system which, when functioning correctly, takes air from the engine's

compressor section and auxiliary power unit ("APU") to various parts of the aircraft.  *Id.*,

---

[1] The facts below are taken from plaintiffs' complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on Frontier Airlines, Inc.'s motion to dismiss and plaintiffs' motion to remand.

¶ 92.  Toxic chemicals which can be distributed into the cabin during a fume event include tricresyl phosphates, N-phenyl-L-naphthylamine, and carbon monoxide.  *Id.*, ¶ 96.  Inhalation of these chemicals can cause serious and permanent injuries.  *Id.* at 16-17, ¶¶ 97-109.

At the time of the incident, plaintiffs were flight attendants for Frontier Airlines, Inc. ("Frontier").  *Id.* at 12-13, ¶¶ 84, 87.  Plaintiffs were working on an aircraft which was scheduled to fly from San Diego to Denver and, after a brief ground stop, from Denver to San Antonio.  *Id.* at 10, ¶ 63.  While en route to San Antonio, the flight attendants noticed a smell like someone was painting their nails, citronella, or dirty socks.  *Id.*, ¶ 65.  The flight attendants began to feel sick and notified the pilots at approximately 10:50 a.m.  *Id.* at 11, ¶ 66.  The pilots declared an emergency and requested an emergency response team to meet the aircraft when it landed in San Antonio at approximately 1:50 p.m.  *Id.*, ¶ 67.  Upon landing in San Antonio, the flight attendants sat on the jetway for the next six hours waiting for medical attention.  *Id.*, ¶ 70.  Plaintiffs were ultimately taken to the hospital, where they were found to have elevated carbon monoxide levels, indicating carbon monoxide poisoning.  *Id.* at 12, ¶ 74.  Frontier was quoted as telling the press, incorrectly, that no one had gone to the hospital.  *Id.* at 11, ¶ 73.  The subject aircraft previously experienced a fume event one week prior to the November 9, 2023 flight.  *Id.* at 12, ¶ 79.  Plaintiffs experienced significant injuries following the November 9, 2023 fume event.  *Id.* at 13-14, ¶¶ 85, 89.  Plaintiffs have been denied workers' compensation.  *Id.* at 12, ¶ 83.

There has been a history of fume events in aircraft manufactured by Airbus Americans, Inc., Airbus S.A.S., and Airbus S.E.[2] (collectively, "Airbus") that utilize APUs manufactured by Honeywell International, Inc., Honeywell Aerospace US LLC, Honeywell Aerospace US Inc., and Honeywell Aerospace Technologies[3] (collectively, "Honeywell") that extends back decades. *Id.* at 17, ¶ 111.  Frontier has operated these aircraft for decades. *Id.*  However, there has been a long history of Frontier minimizing these fume events. *Id.*, ¶ 113.

On November 7, 2025, plaintiffs filed a complaint in the District Court for the City and County of Denver, bringing claims against Airbus, Honeywell, and Frontier. *See generally id.*  Relevant here are plaintiff Kilkenny's claims against Frontier for gross negligence and negligent misrepresentation and fraud. *Id.* at 54-60, ¶¶ 296-332.  Plaintiffs served their complaint on Airbus on November 19, 2025.  Docket No. 1 at 1, ¶ 1.  On December 18, 2025, Airbus removed this case to federal court, with the consent of Honeywell and Frontier. *Id.* at 2-3, ¶¶ 3-7.  The notice of removal asserts that, while the presence of Frontier destroys diversity jurisdiction, plaintiffs fraudulently joined Frontier and therefore Frontier must be disregarded for purposes of determining complete diversity under 28 U.S.C. § 1441(b)(2). *Id.*, ¶ 6.  Defendants do not dispute that diversity jurisdiction exists if Frontier was fraudulently joined and therefore its citizenship ignored. *See generally* Docket No. 42.

---

[2] Plaintiffs have since voluntarily dismissed Airbus S.E. from this action.  Docket No. 52.

[3] Plaintiffs have since voluntarily dismissed Honeywell Aerospace US Inc. and Honeywell Aerospace Technologies.  Docket No. 52.

On January 7, 2026, Frontier filed a motion to dismiss, asserting that Ms. Kilkenny's claims against Frontier are barred by the Colorado's Workers' Compensation Act ("WCA"), Colo Rev. Stat. §§ 8-41-101, *et seq.*, and that Ms. Kilkenny's negligent misrepresentation and fraud claim fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Docket No. 31.  Plaintiffs filed a response, Docket No. 44, and Frontier filed a reply.  Docket No. 50.  On January 21, 2026, plaintiffs filed a motion to remand.  Docket No. 37.  Defendants filed a response, mirroring Frontier's arguments in its motion to dismiss.  Docket No. 42.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

4

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. Motion to Remand

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Pursuant to § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.  "Federal district courts must strictly construe their removal jurisdiction."  *Env't Remediation Holding Corp. v. Talisman Capital Opportunity Fund,*

5

*L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

## III.  ANALYSIS

### A.  <u>Motion to Dismiss</u>

Frontier argues that the WCA is the exclusive remedy for Ms. Kilkenny's claims, thereby barring Ms. Kilkenny from bringing her claims against Frontier in a civil action. Docket No. 31 at 3-4.  The WCA "establishes the benefits available to workers injured in the course and scope of employment and the procedures for obtaining those benefits." *Gurule v. JSP Markets - Chicago, LLC*, 2022 WL 22926774, at *2 (Colo. App. Mar. 10, 2022) (quoting *Horodyskyj v. Karanian*, 32 P.3d 470, 474 (Colo. 2001)).  In doing so, the WCA "provides exclusive remedies for employees suffering work-related injuries and occupational diseases."  *Id.* (citation omitted).  "The exclusive-remedy provisions of the [WCA] bar civil actions in tort against an employer for injuries that are compensable under the [WCA]."  *Id.*; *see also Kandt v. Evans*, 645 P.2d 1300, 1302 (Colo. 1982) ("Recovery under the [WCA] is meant to be exclusive and to preclude employee tort actions against an employer.").  This constitutes a trade-off: "in exchange for the certainty and relative speed of the workers' compensation system, an employee surrenders the right to sue his or her employer in tort and the employer surrenders its defenses to such suit."  *Gurule*, 2022 WL 22926774, at *2 (citation omitted).  Notably, the WCA's exclusivity provisions apply even "where the [WCA] would not provide a remedy."  *Bldg. & Const. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1494 (10th Cir. 1993).

Plaintiffs, however, contend that the WCA does not bar Ms. Kilkenny's claims because (1) Frontier committed intentional torts, and (2) Frontier "retaliate[d] against flight attendants sickened by fume events by denying them pay, refusing workers' compensation, and terminating their employment."  Docket No. 44 at 11.  As for plaintiffs' first argument, it is true that, under the WCA, "an employer may be held liable to an employee for common law damage claims for intentional torts committed by the employer or the employer's alter ego 'if the employer deliberately intended to cause the injury and acted directly, rather than constructively through an agent.'"  *Schwindt v. Hershey Foods Corp.*, 81 P.3d 1144, 1146 (Colo. App. 2003) (quoting *Ventura v. Albertson's, Inc.*, 856 P.2d 35, 39 (Colo. App. 1992)).  Plaintiffs make no effort to explain how Frontier's conduct meets this exception; rather, plaintiffs merely state that the exception exists without any analysis as to how it applies.  *See* Docket No. 44 at 11. The Court finds that this exception to WCA immunity is inapplicable.  In *Digliana v. City of Fort Collins*, 873 P.2d 4, 5 (Colo. App. 1993), a division of the Colorado Court of Appeals dealt with a similar set of facts.  There, the complaint alleged that the defendants were aware the plaintiffs were being exposed to noxious fumes, but nevertheless failed to remedy the problem.  *Id.*  Moreover, the plaintiffs asserted that the defendants "inadequately investigated the alleged health hazard, concealed information regarding the chemical toxicity while returning them to work, and failed to provide proper medical attention."  *Id.*  The *Digliana* court held that "there [was] no allegation that defendants deliberately intended to cause the injuries suffered by plaintiffs," and thus found that the plaintiffs' claims were barred by the WCA.  *Id.* at 7.  Here, Ms. Kilkenny alleges that Frontier was grossly negligent by not taking steps to protect her despite

being aware of past fume events, including a recent fume event involving the subject

aircraft.  Docket No. 5 at 54-58, ¶¶ 296-311.  But, like in *Digliana*, there is no allegation

that Frontier deliberately intended to injure Ms. Kilkenny.  Thus, Ms. Kilkenny's gross

negligence claim does not constitute an intentional tort under the relevant exception to

WCA immunity.

Ms. Kilkenny's negligent misrepresentation and fraud claim also does not satisfy

the intentional tort exception to WCA immunity.  Ms. Kilkenny alleges that Frontier

concealed the risks of exposure to fume events.  *Id.* at 58-60, ¶¶ 312-332.  There is no

allegation, however, that Frontier did so with the intention of causing Ms. Kilkenny's

injuries.  In fact, the complaint alleges that Frontier was motivated by profit when

misrepresenting the fume events, not by a desire to injure Ms. Kilkenny.  *Id.* at 59,

¶ 319.

As for plaintiffs' second argument, plaintiffs cite *Lathrop v. Entenmann's Inc.*, 770

P.2d 1367, 1373 (Colo. App. 1989), for the proposition that claims for retaliation are not

barred by the WCA.  Docket No. 44 at 11-12.  This is irrelevant because Ms. Kilkenny

did not bring a claim for retaliation.  *See generally* Docket No. 5.  Moreover, even if Ms.

Kilkenny did allege a retaliation claim, *Lathrop* does not stand for the proposition that

general retaliation claims are permitted by the WCA.  Instead, *Lathrop* recognizes that,

for public policy reasons, the WCA does not bar "common law claim[s] by an employee

*for wrongful discharge* if the employee is discharged in retaliation for pursuing a

workmen's compensation claim."  *Lathrop*, 770 P.2d at 1372-73 (emphasis added); *see*

*also Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1078 (D.

Colo. 2001) ("Although the [WCA] bars civil actions against an employer for injuries

8

compensable under the [WCA], an action may lie in tort against an employer who terminates an employee in retaliation for filing a workers' compensation claim."). While plaintiffs claim in their response that "Frontier . . . retaliates against flight attendants sickened by fume events by . . . terminating their employment," Docket No. 44 at 11, plaintiffs make no such allegation in their complaint. *See generally* Docket No. 5. "Allegations that do not appear in the pleadings cannot be raised for the first time in a response to a motion to dismiss." *Bingaman v. Torrez*, No. 12-cv-00400-WJM-CBS, 2012 WL 6762218, at *9 (D. Colo. Nov. 5, 2012), *report and recommendation adopted*, 2013 WL 50428 (D. Colo. Jan. 3, 2013) (citation omitted). Thus, plaintiffs also fail to meet the wrongful discharge exception to WCA immunity.

Accordingly, Ms. Kilkenny's claims against Frontier are barred by the WCA.[4] Frontier argues that the Court should dismiss such claims with prejudice, as "there are no set of facts Plaintiffs could allege in good faith which would allow them to circumvent the exclusivity provision of Colorado's WCA and its corresponding immunity as to Frontier." Docket No. 50 at 6. Frontier's assertion is supported by plaintiffs' March 11, 2026 motion to amend the complaint.[5] Docket No. 56. Plaintiffs attached the proposed amended complaint to the motion. Docket No. 56-1. The proposed amended complaint makes no changes to Ms. Kilkenny's gross negligence claim against Frontier, besides removing an allegation about future damages. *Compare* Docket No. 5 at 54-58, ¶¶ 296-

---

[4] Because the Court has determined that Ms. Kilkenny's claims against Frontier are barred by the WCA, it need not determine whether Ms. Kilkenny meets the heightened pleading standard of Rule 9(b).

[5] Magistrate Judge Susan B. Prose denied the motion without prejudice to renewal, stating that the Court should first rule on the motion to remand before any amendment to the complaint. Docket No. 60.

311 *with* Docket No. 56-1 at 56-60, ¶¶ 349-363.  Moreover, the proposed amended

complaint brings the negligent misrepresentation claim and fraud claim as two separate

claims.  Docket No. 56-1 at 60-64, ¶¶ 364-403.  There are no new allegations in the

proposed amended complaint that allege Frontier intentionally caused Ms. Kilkenny's

injuries or that Frontier discharged Ms. Kilkenny.  *See generally id.*  Thus, plaintiffs'

proposed amended complaint also fails to raise a viable claim against Frontier.  The

Court will therefore dismiss the claims against Frontier with prejudice because plaintiffs

have had numerous attempts to bring a viable claim against Frontier, and there is no

reason to believe another attempt, which plaintiffs have not asked for, would succeed.

### B.  Motion to Remand

The Court will next analyze whether it should remand this case to state court.

Defendants assert that Frontier was fraudulently joined, and that the Court should

therefore not consider Frontier's citizenship when determining whether the Court has

diversity jurisdiction.  Docket No. 1 at 2-3, ¶ 6.  A party's citizenship can be ignored for

the purpose of determining whether removal was proper if the party was fraudulently

joined.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  In cases where

fraudulent joinder is claimed, courts must "pierce the pleadings, consider the entire

record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett*

*Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *Smoot v.*

*Chicago*, *Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967).  To

prove that a defendant was fraudulently joined, defendants must show "either: (1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

cause of action against the non-diverse party in state court."  *Dutcher*, 733 F.3d at

988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th

10

Cir.2011)); *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D. Colo. 2000).

"Where a defendant does not allege fraud in the pleading of jurisdictional facts, the sole issue before the court is whether plaintiff has stated a basis for recovery against resident defendants under state law." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989). In so doing, courts must decide whether there is a reasonable basis to believe the plaintiff might succeed on at least one claim. *Nerad v. Astrazeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). For a claim to have a reasonable basis, it must have a basis in the alleged facts and the applicable law. *Id*. The removing party claiming fraudulent joinder must "prove the non-liability of the defendant as a matter of fact or law." *Blackwood v. Thomas*, 855 F. Supp. 1205, 1207 (D. Colo. 1994).

Defendants argue that plaintiffs are unable to establish a claim against Frontier because such claims are barred under the WCA. Docket No. 42 at 1. The parties' arguments on the WCA mirror the arguments made in the briefing on Frontier's motion to dismiss. *See generally* Docket Nos. 37, 42. Thus, for the same reasons discussed above, the Court finds that plaintiffs' claims against Frontier are barred by the WCA and that there is no reasonable basis to believe plaintiffs might succeed on at least one claim against Frontier. *Nerad*, 203 F App'x at 913. Accordingly, the Court will deny the motion to remand.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Frontier Airlines, Inc.'s Motion to Dismiss [Docket No. 31] is **GRANTED**. It is further

ORDERED that plaintiffs' tenth claim for relief is **DISMISSED with prejudice**.  It is further

ORDERED that plaintiffs' eleventh claim for relief is **DISMISSED with prejudice**. It is further

ORDERED that defendant Frontier Airlines, Inc. is **DISMISSED** as a party to this action.  It is further

ORDERED that Plaintiffs' Amended Motion to Remand [Docket No. 37] is **DENIED**.

DATED May 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge