IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-04062-PAB-SBP

LINDA KILKENNY, and
LITA A. MCKAY,

Plaintiff,

v.

AIRBUS AMERICAS, INC.,
AIRBUS S.A.S.,
HONEYWELL INTERNATIONAL, INC., and
HONEYWELL AEROSPACE US LLC,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Airbus Americas, Inc., Airbus S.A.S., and Airbus SE's[1] Motion to Dismiss [Docket No. 19] and Defendants Honeywell International Inc.'s and Honeywell Aerospace US LLC's Motion to Dismiss [Docket No. 40]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[2]

This case arises out of a "fume event" that occurred on November 9, 2023. Docket No. 5 at 10, ¶ 61. A fume event occurs when air inside the cabin of an aircraft becomes contaminated with aerosolized or pyrolyzed engine oil, lubricants, deicing or

[1] Plaintiffs have voluntarily dismissed Airbus S.E. from this action. Docket No. 52.

[2] The facts below are taken from plaintiffs' complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on the motions to dismiss.

hydraulic fluid due to a breach in the "bleed air system." *Id.* at 15, ¶ 94. The bleed air system is a system which, when functioning correctly, takes air from the engine's compressor section and auxiliary power unit ("APU") and distributes it to various parts of the aircraft. *Id.*, ¶ 92. Toxic chemicals which can be distributed into the cabin during a fume event include tricresyl phosphates, N-phenyl-L-naphthylamine, and carbon monoxide. *Id.*, ¶ 96. Inhalation of these chemicals can cause serious and permanent injuries. *Id.* at 16-17, ¶¶ 97-109.

At the time of the incident, plaintiffs were flight attendants working on an Airbus 320neo aircraft, which was scheduled to fly from San Diego to Denver and, after a brief ground stop, from Denver to San Antonio. *Id.* at 10, ¶¶ 61-64. While en route to San Antonio, the flight attendants noticed a smell like citronella, dirty socks, or someone painting her nails. *Id.*, ¶ 65. The flight attendants began to feel sick and notified the pilots at approximately 10:50 a.m. *Id.* at 11, ¶ 66. The pilots declared an emergency and requested an emergency response team to meet the aircraft when it landed in San Antonio at approximately 1:50 p.m. *Id.*, ¶ 67. Upon landing in San Antonio, the flight attendants sat on the jetway for the next six hours waiting for medical attention. *Id.*, ¶ 70. Plaintiffs were ultimately taken to the hospital, where they were found to have elevated carbon monoxide levels, indicating carbon monoxide poisoning. *Id.* at 12, ¶ 74. The subject aircraft previously experienced a fume event one week prior to the November 9, 2023 flight. *Id.*, ¶ 79. Plaintiffs experienced significant injuries following the November 9, 2023 fume event. *Id.* at 13-14, ¶¶ 85, 89. There has been a history of fume events in aircraft manufactured by Airbus Americas, Inc., Airbus S.A.S., and Airbus S.E. (collectively, "Airbus") that utilize APUs manufactured by Honeywell

International, Inc., Honeywell Aerospace US LLC, Honeywell Aerospace US Inc., and Honeywell Aerospace Technologies[3] (collectively, "Honeywell") that extends back decades. *Id.* at 17, ¶ 111.

On November 7, 2025, plaintiffs filed a complaint in the District Court for the City and County of Denver, bringing claims against Airbus, Honeywell, and Frontier Airlines, Inc. ("Frontier").[4] *See generally id.* Plaintiffs served their complaint on Airbus on November 19, 2025. Docket No. 1 at 1, ¶ 1. On December 18, 2025, Airbus removed this case to federal court, with the consent of Honeywell and Frontier. *Id.* at 2-3, ¶¶ 3-7. On December 23, 2025, Airbus filed a motion to dismiss, seeking to dismiss plaintiffs' third, fourth, and ninth claims for relief. Docket No. 19. On January 30, 2026, Honeywell filed a motion to dismiss seeking to dismiss plaintiffs' seventh, eighth, and ninth claims for relief. Docket No. 40. Plaintiffs filed responses, Docket Nos. 41, 46, and defendants filed replies. Docket Nos. 45, 55.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534

[3] Plaintiffs have since voluntarily dismissed Honeywell Aerospace US Inc. and Honeywell Aerospace Technologies. Docket No. 52.

[4] On May 8, 2026, the Court dismissed Frontier as a party to this action. Docket No. 67.

F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

Plaintiffs' fourth claim is for negligent misrepresentation and fraud against Airbus and their eighth claim is for negligent misrepresentation and fraud against Honeywell. Docket No. 5 at 45-46, 52-53, ¶¶ 245-256, 277-288. The allegations regarding the fourth claim are similar to the allegations regarding the eighth claim and the Court will

analyze the claims together. *See id.* Similarly, plaintiffs' third claim, breach of express and implied warranties against Airbus, is similar to plaintiffs' seventh claim for breach of express and implied warranties against Honeywell. *Id.* at 43-44, 51-52, ¶¶ 231-244, 270-276. The third and seventh claims suffer from the same deficiencies, and the Court will analyze the claims together. Plaintiff's ninth claim for negligent infliction of emotional distress is brought against both Airbus and Honeywell. *Id.* at 53-54, ¶¶ 289-295.

### A. Fraud and Negligent Misrepresentation

Defendants argue that plaintiffs' fraud and negligent misrepresentation claims fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[5] Docket No. 19 at 5-11; Docket No. 40 at 6-9. Rule (9)(b) requires that, in alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)); *see also Brightspot Sols., LLC v. A+ Prods., Inc.*, No. 20-cv-03335-MEH, 2021 WL 2935942, at

---

[5] Airbus argues that plaintiffs' fraud claim should be brought separately from plaintiffs' negligent misrepresentation claim because the two claims have separate elements. Docket No. 19 at 10-11. While the two claims do have different elements, both are subject to the requirements of Rule 9(b), *see Columbia Cas. Co. v. Valor Health Network, LLC*, No. 23-cv-00998-CNS-STV, 2024 WL 3597180, at *6 (D. Colo. July 31, 2024), and the Court finds that both claims are deficient for not satisfying the requirements of Rule 9(b). The parties brief the fraud and misrepresentation claims together, *see* Docket No. 19 at 5-11; Docket No. 40 at 6-9, and the Court will address them together.

*4 (D. Colo. July 13, 2021) ("Plaintiff must plead the who, what, when, where, and how of the alleged fraud") (internal quotations and citations omitted). The purpose of Rule 9(b) is "to afford a defendant fair notice of a plaintiff's claims and the factual grounds supporting those claims." *George*, 203 F.3d at 1255 (internal quotations, alterations, and citation omitted).

To state a claim for fraud under Colorado law, a plaintiff must establish "(1) that the defendant made a false representation of material fact; (2) that the one making the representation knew that it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." *Moses v. Hovis*, No. 16-cv-01173-PAB-CBS, 2017 WL 4012130, at *5 (D. Colo. Sept. 12, 2017) (quoting *Vinton v. Virzi*, 269 P.3d 1242, 1247 (Colo. 2012)). "To state a claim for negligent misrepresentation, a plaintiff must plausibly allege that: (1) the defendant negligently gave false information to the plaintiff; (2) the plaintiff reasonably relied upon the false information; and (3) this reliance was a cause of . . . harm to the plaintiff." *Dean v. Wright Med. Tech.*, 593 F. Supp. 3d 1086, 1095 (D. Colo. 2022).

Defendants identify several issues with plaintiffs' fraud and negligent misrepresentation claims, including that plaintiffs fail to identify any specific fraudulent misrepresentation made by any specific defendant. Docket No. 19 at 7-8. Plaintiffs largely fail to engage with the arguments in the motions to dismiss, instead reciting various allegations from the complaint without explaining why such allegations satisfy the requirements of Rule 9(b). Docket No. 41 at 4-7; Docket No. 46 at 3-6. The

allegations plaintiffs cite do not satisfy Rule 9(b)'s heightened pleading standard. For instance, the complaint alleges that defendants engaged in a "cover up" of fume events and spread misinformation through dishonest reporting. Docket No. 41 at 4-5; Docket No. 46 at 5. However, plaintiffs fail to point to any specific statements supporting these allegations, and the few statements plaintiffs do note are deficient. For instance, plaintiffs point to an allegation stating that, in 2016, Airbus was quoted as stating the following:

> [Frontier] have experienced a number of transient oil or "sweaty sock" odours which are a minor comfort issue. When entering the relevant [troubleshooting manual] procedure, the maintenance procedures required for troubleshooting and rectification seem to be out of proportion to a transient odour causing a minor comfort issue.

Docket No. 41 at 6. But plaintiffs fail to allege which Airbus defendant made this allegedly false statement. "[W]here fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient. Instead, the specifics of the alleged fraudulent activity of each defendant must be set forth." *In re HomeAdvisor, Inc. Litig.*, 491 F. Supp. 3d 879, 892 (D. Colo. 2020) (citation omitted); *see also Goode v. Rysavy*, No. 20-cv-00742-DDD-KLM, 2024 WL 3835999, at *15 (D. Colo. Mar. 31, 2024) (noting that Rule 9(b) requires the complaint to describe "the particular defendant who made the misrepresentations") (citation omitted); *Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *5 (D. Colo. Sept. 24, 2018) (finding that a complaint fails to satisfy Rule 9(b)'s particularity requirement because it fails to describe which defendant made the false statements in question). Plaintiffs point to allegations that Airbus and Honeywell worked in concert with each other as corporate alter egos, but do not allege any facts supporting such a claim or

provide any argument as to why the Court should treat the Airbus defendants or the Honeywell defendants as a single entity. Docket No. 41 at 4; Docket No. 46 at 4. Therefore, the Court finds that, to satisfy Rule 9(b), plaintiffs must allege which defendant made the allegedly fraudulent statement. The complaint fails to do so.

Moreover, even if plaintiffs could treat Airbus as a singular entity, plaintiffs do not plead facts supporting that Airbus knew the above statement was false or that plaintiffs relied upon the statement. Plaintiffs allege that "[t]he Airbus Defendants knew that the statements they made were false," Docket No. 41 at 7, but provide no facts supporting such an inference. "Rule 9(b) permits scienter to be demonstrated by inference," but "this must not be taken for license to base claims of fraud on speculation and conclusory allegations." *United States ex rel. Simpson v. Leprino Foods Dairy Prods. Co.*, No. 16-cv-00268-CMA-NYW, 2018 WL 1375792, at *2 (D. Colo. Mar. 19, 2018) (internal quotations and citation omitted). Thus, plaintiffs' conclusory allegation that Airbus knew its statements were false does not satisfy the requirements of Rule 9(b).

Each of plaintiffs' remaining allegations suffer from similar deficiencies. For example, plaintiffs aver that Airbus and Honeywell both "engaged in false representations concerning the severity and frequency of fume events" and that they "told Plaintiffs that the fume events were not harmful, and that their reaction was a product of emotional angst." Docket No. 41 at 7; Docket No. 46 at 5. But plaintiffs fail to point to any specific statements defendants made, much less who made such statements, when they were made, where they were made, and how they were made. Accordingly, plaintiffs fail to meet the heightened pleading standard of Rule 9(b). The Court will dismiss the fraud and negligent misrepresentation claims.

**B. <u>Warranty Claims</u>**

Defendants argue that plaintiffs' express and implied breach of warranty claims fail.[6] Docket No. 19 at 11-13; Docket No. 40 at 9-11. "When a seller makes a promise 'which relates to the goods and becomes part of the basis of the bargain,' the seller creates an express warranty." *Pawa Box Sales Grp., LCC v. Roofer Elecs. Tech. (Shanwei) Co.*, 754 F. Supp. 3d 1081, 1086 (D. Colo. 2024) (quoting Colo. Rev. Stat. § 4-2-313(1)(a)). "Implicit within any contract for goods is, *inter alia*, an implied warranty promising that the goods are merchantable, *i.e.*, the goods must '[p]ass without objection in the trade under the contract description.'" *Id.* (citing Colo. Rev. Stat. § 4-2-314). "To prove breach of warranty in Colorado, a plaintiff must show: (1) the existence of an express or implied warranty, (2) breach of said warranty, (3) proximate causation linking the breach to losses claimed as damages, and (4) the defendant's receipt of timely notice of the breach." *Id.* (citing *Molina v. Ford Motor Co.*, 441 F. Supp. 3d 1176, 1182 (D. Colo. 2020)).

As they did when responding to defendants' arguments about fraud and negligent misrepresentation, plaintiffs merely cite various allegations in the complaint without explaining why such allegations are sufficient to state a claim. In regard to plaintiffs' warranty claims against Airbus, such allegations include that "[t]he Airbus Defendants warranted that the aircraft was safe, and Plaintiffs relied upon such express and implied representations" and that the "Airbus Defendants breached their warranties

---

[6] Airbus argues that Rule 9(b) applies to the warranty claims. Docket No. 19 at 11-12. Honeywell, on the other hand, does not assert that Rule 9(b) is applicable. Docket No. 40 at 9-11. The Court need not determine whether Rule 9(b) applies to the warranty claims because plaintiffs fail to state a claim under the less onerous Rule 12(b)(6) standard.

to the Plaintiffs when they designed, manufactured, tested, certified, distributed, and sold the subject aircraft that were not reasonably safe for its intended use or purpose." Docket No. 41 at 8. Plaintiffs further allege that they "suffered and continue to suffer serious mental and physical impairments" as a "direct and proximate result of the Defendants' breach." *Id.* These allegations merely restate the elements of a breach of warranty claim and are insufficient to survive a motion to dismiss. *See Carrado*, 2018 WL 4565562, at *6 (dismissing a breach of warranty claim when the allegations "amount to little more than a restatement of the elements of a breach of warranty claim."). Moreover, plaintiffs fail to even point to a conclusory allegation regarding the notice element, but "[c]ompliance with the notice requirement is generally a condition precedent to recovery for a breach of warranty claim under the Uniform Commercial Code." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 206 (Colo. 1984) (citations omitted).

Plaintiffs' allegations regarding their breach of warranty claims against Honeywell are similarly deficient. Plaintiffs state that the "Honeywell Defendants expressly and impliedly warranted to its customers . . . of the product that it was safe," that "Plaintiffs relied upon such warranties," that the "Honeywell Defendants breached its warranties . . . when they designed, manufactured, tested, certified, distributed, and sold the APU's that were not reasonably safe," and that "[a]s a direct and proximate result of the defendant's breach, the Plaintiffs suffered and continue to suffer" damages. Docket No. 46 at 6-7. Like the allegations against Airbus, these allegations merely restate the elements of a breach of warranty claim (excluding the notice requirement) and are insufficient to survive a motion to dismiss. Accordingly, the Court will dismiss plaintiffs' breach of warranty claims.

**C. Negligent Infliction of Emotional Distress**

Finally, defendants argue that plaintiffs' claim for negligent infliction of emotional distress should be dismissed, Docket No. 19 at 13-14; Docket No 40 at 11-12. To prevail on a claim for negligent infliction of emotional distress, plaintiffs must show that "defendant's negligence created an unreasonable risk of physical harm and caused the plaintiff to be put in fear for his or her own safety, that this fear had physical consequences or resulted in long-continued emotional disturbance, and that the plaintiff's fear was the cause of the damages sought." *Draper v. DeFrenchi–Gordineer,* 282 P.3d 489, 496–97 (Colo. App. 2011).

In arguing that they sufficiently stated a claim for negligent infliction of emotional distress, plaintiffs point to the allegation that "[t]he impact left no doubt in Plaintiffs' minds that they would be injured, and they were." Docket No. 41 at 10. This allegation, however, seems to state that plaintiffs were injured from the fume event itself, not that plaintiffs experienced physical or long-continued emotional disturbance as a result of fear they experienced. Moreover, even if this allegation could be construed as an allegation that plaintiffs experienced injuries from being in fear for their own safety, such an allegation is conclusory. Therefore, the Court finds that plaintiffs have failed to state a claim for negligent infliction of emotional distress.

**D. Leave to Amend**

Plaintiffs state that, when conferring with Airbus on the matters raised in the motion to dismiss, "Plaintiffs advised that they intended to move for leave to amend the complaint." *Id.* at 2. In their responses to the motions to dismiss, plaintiffs further request leave to file an amended complaint and state that they "will file a Motion for Leave to Amend upon the completion of the meet and confer process." Docket No. 41

at 10; Docket No. 46 at 8. On March 11, 2026, plaintiffs filed a motion for leave to amend. Docket No. 56. On April 1, 2026, Magistrate Judge Susan Prose denied the motion without prejudice, noting that there was a pending motion to remand and stating that plaintiffs may refile the motion for leave to amend after the Court rules on the motion to remand. Docket No. 60. On May 8, 2026, the Court denied the motion to remand. Docket No. 67. Plaintiffs did not refile a motion for leave to amend. On July 21, 2026, the Court issued a minute order stating that, if plaintiffs intend to file a renewed motion for leave to amend in accordance with Judge Prose's April 1, 2026 order, they must do so on or before August 4, 2026. Docket No. 71. Plaintiffs did not file a motion for leave to amend.

Because the Court has already given plaintiffs the opportunity to move to amend their complaint, the Court will deny plaintiffs' requests to amend their complaint. Moreover, it is improper to include such a request in a response to a motion to dismiss. Pursuant to the Local Rules, a "motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Tenth Circuit "ha[s] held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be litigated piecemeal. The court should not have to address repeated 'improvements' to the complaint."); *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a

written motion and instead merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm.") (quotations and citation omitted).

Finally, the Court will dismiss plaintiffs' claims with prejudice. While plaintiffs could theoretically plead sufficient fraud, breach of warranty, and negligent infliction of emotional distress claims through adding sufficient facts, plaintiffs have missed the Court's deadline to file a motion to amend. *See* Docket No. 71. Plaintiffs note that they informed Airbus that they intended to move for leave to amend the complaint in response to the issues raised in the motions to dismiss. Docket No. 41 at 2. Plaintiffs, however, failed to file a motion to amend by the Court's August 4, 2026 deadline. Therefore, dismissal with prejudice is appropriate.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Airbus Americas, Inc., Airbus S.A.S., and Airbus SE's Motion to Dismiss [Docket No. 19] is **GRANTED**. It is further

**ORDERED** that Defendants Honeywell International Inc.'s and Honeywell Aerospace US LLC's Motion to Dismiss [Docket No. 40] is **GRANTED**. It is further

**ORDERED** that plaintiffs' third, fourth, seventh, eighth, and ninth claims for relief are **DISMISSED with prejudice**.

DATED September 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge